**Michael C. HARTMAN, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and State Farm Fire and Casualty Insurance Company, Defendants.**

No. 93–8084–CIV.

United States District Court,
S.D. Florida.

March 23, 1993.

John F. Romano, Romano Eriksen & Cronin, West Palm Beach, FL, for plaintiff.

Stephen E. Day, Taylor Day & Rio, Jacksonville, FL, for defendants.

### ORDER OF RECUSAL

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court *sua sponte.*

This is an action by the plaintiff, an insurance agent, seeking a declaration that certain changes in the defendants' policies and procedures are unlawful. One of the defendants is a mutual insurance company in which the undersigned has a proprietary interest as a policyholder.

According to 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute further provides that a judge shall disqualify himself when "he knows that he, individually or as a fiduciary . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." Under the statute, the term "financial interest" is defined as follows:

> "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that . . . [t]he proprietary interest of a policyholder in a mutual insurance company . . . is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest.

Thus, the undersigned must recuse himself if the outcome of the proceeding could "substantially affect" the value of his interest. In this case, the plaintiff seeks a declaration by the Court as to company practices which could have substantial economic effects on the defendant insurance companies. It appears, therefore, that the outcome of this action could substantially affect the value of the undersigned's interest in one of the defendants. Consequently, the undersigned finds that it is necessary in the interests of

justice to recuse himself from presiding over the above-styled case.

Accordingly, having reviewed the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that this matter is referred to the Clerk of the Court for permanent reassignment to another Judge in accordance with the blind assignment system.

**DONE AND ORDERED.**